UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
JUL 27 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. W09CA176 |
| ) | |
| REAL PROPERTY LOCATED AND ) | |
| SITUATED AT 3017 ORANGE STREET, ) | |
| MCALLEN, HIDALGO COUNTY, TEXAS, ) | |
| WITH ALL BUILDINGS, ) | |
| APPURTENANCES AND ) | |
| IMPROVEMENTS THEREON, ) | |
| ) | |
| Respondent. ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the Acting United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Title 28 U.S.C. Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and respectfully states as follows:

### I.
### JURISDICTION AND VENUE

The Court has original jurisdiction of all civil actions, suits or proceedings commenced by the United States under 28 U.S.C. § 1345, and of an action for forfeiture under 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the Respondent Property under 28 U.S.C. §§ 1355(b) and 1395(a). The Court has venue of this action under 28 U.S.C. § 1395 and 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district.

## II.
## DESCRIPTION OF RESPONDENT PROPERTY

The Respondent Property located and situated at 3017 Orange Street, McAllen, Hidalgo County, Texas, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more particularly described as follows:

> All that certain Parcel of land situated in City of McAllen being known as Lot Two (2), Section Two (2), Buena Vista Subdivision, Plat book 19, Page 13 and being more fully described in Instrument No. 490560, recorded on December 07, 1995 in Real Property records of Hidalgo County, Texas. RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property.

The above-described real property may hereinafter be referred to as the "Respondent Property."

## III.
## VALUE OF RESPONDENT PROPERTY

The Respondent Property has been appraised at approximately $103,763.00.

## IV.
## VIOLATIONS

This civil forfeiture action *in rem* is brought for violations of 18 U.S.C. §§ 1956(a)(1), 1956(h), and 1957 and subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1), which states:

**§ 981(a)(1) Civil Forfeiture**
    **(a)(1)** The following property is subject to forfeiture to the United States:

        **(A)** Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

## V.
## BURDEN OF PROOF

At trial, the United States of America will establish by a preponderance of the evidence that the Respondent Property is subject to forfeiture and should be forfeited to the United States of America as alleged in the Verified Complaint for Forfeiture, pursuant to 18 U.S.C. § 983(c).

## VI.
## FACTS PERTINENT TO VIOLATIONS

See Appendix A, which is filed under seal.

## VII.
## PRAYER

That by virtue of the facts and circumstances supporting the seizure and forfeiture of the Respondent Property, as contained in the aforementioned actions, uses, and premises and/or intended actions, uses, and premises, the Respondent Property is in violation of 18 U.S.C. §§ 1956(a)(1), 1956(h), and 1957 and subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1).

WHEREFORE, Petitioner, United States of America, prays as follows:

1. That notice issue according to the normal procedure of this Court. All persons asserting an interest in or claim against the Respondent Property who have received direct notice of the forfeiture action must file a verified claim with the Clerk of the United States District Court, Western District of Texas, Waco Division, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., **thirty-five (35)** days after the notice is received; or if notice was published but direct notice was not sent to the claimant or the claimant's attorney, a verified claim must be filed no later than **thirty (30)** days after final publication if the notice is published in a newspaper or **sixty (60)** days after the first day of publication on an official

Internet government forfeiture site. In addition, any person having filed such a claim shall also serve and file an answer to the complaint or a motion under Rule 12 within **twenty (20)** days after filing the claim.

2. That the United States Marshal Service for the Western District of Texas, or any other authorized law enforcement officer or any other person or organization authorized by law, shall post the Notice of Complaint for Forfeiture of Real Property against the Respondent Property, in accordance with 28 U.S.C. Rule E(4)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed. R. Civ. P., and 18 U.S.C. § 985(c)(1)(B), by affixing a copy of the Notice of Complaint for Forfeiture of Real Property in this action, in a conspicuous place upon the premises and, if applicable, by leaving copies of the Notice of Complaint for Forfeiture of Real Property and accompanying documents with the occupant of the premises, if any;

3. That the United States Marshal Service for the Western District of Texas be granted authority by the Court, upon arrest of the Respondent Property, to designate any other authorized law enforcement agency or any other authorized person or organization to act as substitute custodian of the Respondent Property;

4. That Judgment of Forfeiture be decreed against the Respondent Property;

5. That upon Final Decree of Forfeiture, the United States Marshal Service for the Western District of Texas shall dispose of the Respondent Property in accordance with law; and

6. For costs and for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

John E. Murphy
Acting United States Attorney

By: _____
Jennifer S. Freel
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Tel: (512) 916-5858
Fax: (512) 916-5855
Texas Bar No. 24051327

## VERIFICATION

STATE OF TEXAS            )
                          )
COUNTY OF MCLENNAN        )

Russell Culver declares and says that:

1. I am a Special Agent with the Drug Enforcement Administration, Waco Division Office, and am the investigative agent responsible for the accuracy of the information provided in this litigation;

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; the information contained in the Complaint has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of July, 2009.

Russell Culver, Special Agent
Drug Enforcement Administration
Waco Division Office

Subscribed and sworn to before me on this 27th day of July, 2009.

My Commission Expires: 11/29/09

Notary Public in and for the State of Texas

JOYCE MECHELL
MY COMMISSION EXPIRES
November 29, 2009

OJS 44 (Rev. 11/04 - WDMI Rev. 12/07)

# CIVIL COVER SHEET

W09CA176

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Real Property Located and Situated at 3017 Orange Street, McAllen, Hidalgo County, Texas

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Hildago County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jennifer S. Freel (512) 916-5858
816 Congress Ave., #1000, Austin, Texas 78701

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 1956(a)(1), 1956(h), 1957 & 18 U.S.C. 981(a)(1)(A).
Brief description of cause:
Money Laundering

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Smith
DOCKET NUMBER 08-CR-04

DATE 7/27/09
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

TOTAL P.02